UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 3845 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Karen Davidson brought this suit in the Circuit Court of DuPage County, Illinois, against Menard, Inc., seeking damages for injuries she suffered as a result of a fall at its West Chicago store. Doc. 1-1. Menard timely removed the suit under the diversity jurisdiction, 28 U.S.C. § 1332(a), Doc. 1, and now moves for summary judgment, Doc. 30. The motion is granted.

**Background**

The court recites the facts as favorably to Davidson as the record and Local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019).

Along with her husband and two grandchildren, Davidson went to the West Chicago Menards store on May 1, 2016, in search of hydrangeas. Doc. 41 at ¶ 10. Shrubs and trees are displayed in the store's outdoor Garden Center on rows of wooden pallets placed in relatively straight, but not perfectly flush, lines. *Id*. at ¶ 12. The pallets are selected by Garden Center team members each Spring. *Id*. at ¶¶ 13-14. The rows of pallets are separated by aisles at least as wide as two shopping carts. *Id*. at ¶ 15.

1

Davidson was "zigzagging" up and down the aisles of the Garden Center in search of hydrangeas. *Id*. at ¶ 16. After walking up and down several aisles, *id*. at ¶ 17, she left her cart to walk toward her grandson, who was ahead of her, *id*. at ¶ 21-22. As Davidson approached her grandson, she tripped on the corner of a pallet located in the middle of a row. *Id*. at ¶ 23. She was aware at the time that the pallets were not flush. *Id*. at ¶ 18. Her view of the ground was not blocked when she tripped, *id*. at ¶ 27, and she would not have tripped over the pallet had she been looking at it, *id*. at ¶ 28. But Davidson instead was looking at her grandson, who at the time was pointing out some hydrangeas. Doc. 38 at ¶¶ 21-22. Davidson sustained severe injuries as a result of her fall. Doc. 41 at ¶ 3; Doc. 38 at ¶ 23.

There is no evidence that any customers had been injured by tripping and falling in the Garden Center in the preceding fifteen years. Doc. 41 at ¶ 35. A Menard team member walked through the Garden Center aisles daily to check for any problems, and if she noticed any issues, she would point them out for correction. *Id*. at ¶¶ 46-47. Small deviations amongst the pallets— up to about a foot—did not typically prompt correction. Doc. 38 at ¶ 13. Team members did not necessarily ensure that the pallets were perfectly flush when small deviations arose, provided that the pallets generally remained in a straight line. *Id*. at ¶ 15; Doc. 31-6 at p. 45, ll. 2-19.

## Discussion

Under Illinois law, the elements of a negligence claim are "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1096 (Ill. 2012); *see also Johnson v. Wal–Mart Stores, Inc.*, 588 F.3d 439, 441 (7th Cir. 2009) (same). As to the first element, landowners owe business invitees a duty of care to keep their premises "reasonably safe." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). To determine whether a

landowner has a duty in a particular circumstance, the court considers four factors: "(1) the reasonable foreseeability of injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant" premises owner. *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018).

"In Illinois, the open and obvious doctrine is an exception to the general duty of care owed by a landowner." *Ibid.* (quoting *Park v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 960 N.E.2d 764, 769 (Ill. App. 2011)). The doctrine implicates the first two factors of the above-cited four-factor duty analysis, holding that "[t]he open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Ibid.* (quoting *Bucheleres v. Chi. Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996)). Davidson concedes that the misaligned pallets were an open and obvious condition, Doc. 39 at 4, but offers two reasons why Menard still had a duty of care to her as to the pallets. Both reasons fail to persuade.

First, Davidson attempts to invoke the distraction exception to the open and obvious doctrine. *Id.* at 4-10. The exception addresses circumstances "where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Dunn*, 880 F.3d at 909 (quoting *Bruns v. City of Centralia*, 21 N.E.3d 684, 691 (Ill. 2014)) (alteration in original). The exception applies where a plaintiff focuses her attention elsewhere to "avoid another hazard or potential hazard" or because "some other task at hand required her attention." *Bruns*, 21 N.E.3d at 693; *see also Negron v. City of Chicago*, 55 N.E.3d 109, 113 (Ill. App. 2016) ("[T]he distraction exception only applies where it is reasonably foreseeable that a plaintiff might be so distracted that she blunders into an open and obvious danger."). But

because the "mere fact of [the plaintiff] looking elsewhere does not constitute a distraction," *Bruns*, 21 N.E.3d at 692, the exception does not apply where the plaintiff's injury was the "result of her own inattentiveness in not looking forward where she was walking," *Sandoval v. City of Chicago*, 830 N.E.2d 722, 730 (Ill. App. 2005); *see also Wade v. Wal–Mart Stores, Inc.*, 39 N.E.3d 1141, 1146-49 (Ill. App. 2015) (holding that the exception did not apply where the plaintiff was looking elsewhere and "failed to exercise reasonable care for her own safety by paying attention to her surroundings" when she tripped over a pothole). Nor do "self-created distractions" give rise to the exception, *Dunn*, 880 F.3d at 909, such as "when a plaintiff's attention is diverted by her own independent acts for which the defendant has no direct responsibility," *Sandoval*, 830 N.E.2d at 729. Put another way, "[a] plaintiff who, through his own inattention, has subjected himself to potential injury may not be heard to assert that a defendant should have anticipated that he might be 'distracted.'" *Richardson v. Vaughn*, 622 N.E.2d 53, 58 (Ill. App. 1993).

No reasonable jury could find on the summary judgment record that the distraction exception applies here. Although Davidson at one point in her brief asserts that she was distracted "looking at the flowers for sale," Doc. 39 at 8, the record indisputably shows, as her brief at another point admits, *id*. at 2, that she instead was looking at her grandson, Doc. 38 at ¶¶ 21-22; Doc. 31-1 at 26 (p. 101, ll. 14-16). Those are precisely the circumstances—where the plaintiff is injured as a "result of her own inattentiveness in not looking forward where she was walking," or where "a plaintiff's attention is diverted by her own independent acts for which the defendant has no direct responsibility"—that *Dunn*, *Sandoval*, *Richardson*, and *Wade* make clear do not give rise to the distraction exception. *Sandoval*, 830 N.E.2d at 729-30 (holding that the defendant landowner was not required to anticipate the "personal inattentiveness" of the plaintiff,

4

who was distracted from a sidewalk defect while looking for a child who had wandered away); *Garcia v. Young*, 948 N.E.2d 1050 (Ill. App. 2011) (holding that a landowner was not required to anticipate that the plaintiff would be distracted by stepping into a road to save the plaintiff's stepson from an approaching vehicle); *Wilfong v. L.J. Dodd Constr.*, 930 N.E.2d 511, 522 (Ill. App. 2010) (holding that the distraction exception did not apply where the plaintiff was distracted by his own cell phone conversation). Accordingly, the distraction exception to the open and obvious doctrine does not apply in this case.

Second, Davidson argues that Menard owed her a duty even if the distraction exception does not defeat application of the open and obvious doctrine. Doc. 39 at 10-13. True enough, application of the open and obvious doctrine means only "that the first two factors [of the duty of care analysis] favor the defendant." *Dunn*, 880 F.3d at 901 (quoting *Bujnowski v. Birchland, Inc.*, 37 N.E.3d 385, 395 (Ill. App. 2015)). Accordingly, "[d]etermining that the open and obvious doctrine applies does not end the inquiry regarding duty in a negligence case," *Bruns*, 21 N.E.3d at 694 (internal quotation marks omitted), as the court must still consider whether "the third and fourth factors—the burden that defendant would incur, and the consequences of imposing that burden—favor plaintiff to the extent that they outweigh the first two factors and thus call for imposing a duty." *Dunn*, 880 F.3d at 910 (internal quotation mark omitted). That said, it is highly unlikely that a defendant will owe the plaintiff a duty where the open and obvious doctrine applies. Indeed, as the Appellate Court of Illinois recently observed: "No published premises-liability negligence case that we have found held both (1) that the open-and-obvious rule applied without exception and (2) that the defendant nonetheless owed the plaintiff a duty." *Bujnowski*, 37 N.E.3d at 397.

5

Here, Davidson addresses the third and fourth factors by arguing that Menard should have used "awareness barrier-border demarcation lines," which visually "alert pedestrians to areas where they need to pay close attention to where they place their feet," to prevent accidents like hers. Doc. 39 at 10-12. But barrier-border demarcation lines would not have prevented Davidson's fall because she was looking at her grandson, not at the ground in front of her, which means that she would not have seen the lines had they been there. Another reason Davidson would not have benefitted from awareness lines is that, as the record indisputably shows, she was already aware that the pallets were not flush. Doc. 41 at ¶ 18. Finally, the record gives no reason to believe that the pallets would have been outside any awareness lines that Menard would have used. Given all this, application of the open and obvious doctrine points decisively against finding that Menard owed Davidson a duty as to the misaligned pallets. *See Dunn*, 880 F.3d at 909-10 (finding that factors three and four did not justify imposing a duty on a landowner where the open and obvious doctrine applied); *Bruns*, 21 N.E.3d at 694-95 (same).

In sum, because Menard did not owe Davidson a duty of care as to the misaligned pallets, her negligence claim necessarily fails. *See Dunn*, 880 F.3d at 910 (granting summary judgment against the plaintiff in a negligence case where the court held that the defendant did not owe the plaintiff a duty); *Bruns*, 21 N.E.3d at 695 (same).

## Conclusion

Menard's summary judgment motion is granted. Judgment will be entered against Davidson and in favor of Menard.

September 10, 2019

_____
United States District Judge